**Janie L. HASKINS, Plaintiff-Appellant,**

**v.**

**UNITED STATES DEPARTMENT OF the ARMY, Defendant-Appellee.**

**No. 86–5052.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 11, 1986.

Decided Jan. 8, 1987.

Carol L. McCoy, Nashville, Tenn., Robert Belton (argued), Cambridge, Mass., for plaintiff-appellant.

Joe B. Brown, U.S. Atty., Nashville, Tenn., James C. Thomason, III (argued), for defendant-appellee.

Before KENNEDY and NORRIS, Circuit Judges and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Janie Haskins appeals from the judgment of the district court denying her request for retroactive promotion, back pay, front pay and attorney's fees in this Title VII sex discrimination suit. Appellant claims that the district court committed legal error by considering the issue of "but for" causation—i.e., whether appellant would have been promoted in the absence of discrimination—in the remedial stage of the proceedings. For the reasons which follow, we reject appellant's arguments and affirm the district court.

I

Appellant was first employed by the United States Army as a Military Pay Clerk, a GS–4 civilian position, at Fort Campbell, Kentucky. She entered the Career Intern Budget Analyst Program in 1972, and was promoted to Budget Analyst in the Management Information Systems Office, a GS–9 position, in 1975. In September 1979, a GS–11 permanent position entitled Supervisory Budget Analyst became available and appellant applied for the position.

The Personnel Office initially advertised the vacancy only among Fort Campbell personnel for two weeks. During that time four individuals, all women, applied for the position. Thereafter a selection panel reviewed the applicants as required by the Merit Placement and Promotion Plan (the Plan). On October 18, 1979, the selection panel concluded that appellant was "Highly Qualified" for the position and two of the other candidates were "Best Qualified." Under the Plan, only candidates who were ranked Best Qualified could be considered in the final selection process. The panel then submitted the names of the Best Qualified candidates to Major Wiese, the individual responsible for making the final selection decision.

Before Major Wiese made his decision, however, it was determined that the vacancy could be made available to off-post applicants as well. Major Wiese chose one of the Best Qualified female candidates to temporarily fill the position until a final selection had been made. As a result of expanding the applicant pool, two more people applied for the position, both of whom were men.

In December 1979, the candidates' applications were again submitted to the identi-

cal selection panel, and again appellant was only ranked as Highly Qualified. The two women who were previously selected by the panel as well as both men were ranked as Best Qualified, and their names were submitted to Major Wiese. Major Wiese selected one of the men, Mr. Beisel, to fill the GS–11 vacancy.

Appellant filed a formal complaint with the Fort Campbell Equal Employment Opportunity Office on February 15, 1980, claiming that she had been denied the promotion on the basis of her sex. The complaint was investigated by the United States Army Civilian Appellate Review Agency (USACARA); based upon USACARA's recommendations, the Army proposed a finding of no discrimination on July 15, 1980. Thereafter, appellant requested a hearing before the Equal Employment Opportunity Commission (EEOC), and a hearing was held before a Complaints Examiner on November 25, 1980.

The appellant argued before the Complaints Examiner that Mr. Beisel had been preselected for the position and that it had been predetermined that a woman would not fill the vacancy. She also maintained that her qualifications were superior to those of the other candidates, and that had the selection process not been tainted, she would have been selected to fill the vacancy.

Reviewing the evidence under the burden shifting approach articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973), the Complaints Examiner made several findings. First, the Examiner concluded that appellant had established a prima facie case. Second, the Examiner concluded that the Army had met its production burden of articulating legitimate, nondiscriminatory reasons for its selection of Mr. Beisel. Finally, the Examiner concluded that appellant had produced sufficient evidence to establish that Beisel had in fact been preselected for the position, and that the Army's articulated reasons for selecting Beisel were pretextual. Thus, the EEOC Complaints Examiner concluded that

the Army had discriminated against appellant on the basis of her sex; this conclusion was reached in spite of the Army's evidence that appellant would not have been selected even in the absence of discrimination. However, relying on *Day v. Mathews*, 530 F.2d 1083 (D.C.Cir.1976), the Complaints Examiner concluded that the Army had established that appellant was not entitled to a hiring order or a back pay award. Specifically, the Examiner reasoned that the evidence was "clear and convincing that even absent the impermissible discrimination, the complainant would not have been selected to fill the position."

The Complaints Examiner's findings and the USACARA's recommendations were forwarded to the Office of the Assistant Secretary of the Army (the Army), which issued a decision on July 29, 1981. The Army agreed with the Examiner's finding of discrimination and its conclusion that appellant would not have been selected even in the absence of discrimination; however, the Army concluded that appellant was entitled to an award of priority promotion and attorney's fees. Retroactive promotion and back pay were not awarded.

Appellant thereafter appealed to the EEOC's Office of Review and Appeal. The EEOC issued its final decision on August 6, 1982 which stated in relevant part:

The Commission has considered the record in its entirety and the attached decision in light of the allegations. The Commission has decided to affirm the agency's final decision as it accurately states the facts and correctly applies the pertinent principles of law.

The record reveals that apellant [sic], a female, was not selected for a position for which a male was the selectee. Whatever the relative merit of the appellant and the male selectee, when appellant competed with only female applicants for the position, she was not selected, and would not have been selected, over at least one of the other competing female applicants.

Dissatisfied with her final award, appellant filed the instant complaint on Septem-

ber 8, 1982 in the United States District Court for the Middle District of Tennessee pursuant to Title VII, 42 U.S.C. §§ 2000e *et seq.* In her complaint, appellant specifically requested "a judicial de novo determination of the facts," and requested that she be awarded retroactive promotion, back pay, costs and attorney's fees.

On November 25, 1983, the Army filed a motion for summary judgment with the district court. In its memorandum in support of its motion, the Army stated that in a Title VII case, the issue before the court was whether the complainant had been discriminated against. The memorandum further specified that, "[t]his issue, however, was determined in her favor by the Army and upheld on appeal by the EEOC. We do not challenge that determination. There remains only the issue of the relief to which she is entitled." The Army went on to argue that summary judgment should be granted in its favor because a Title VII complainant was not entitled to retroactive promotion and back pay once it is established that the complainant would not have been hired even in the absence of discrimination.

Appellant thereafter filed a motion for partial summary judgment requesting a finding that the Army had discriminated against her on the basis of sex. She asserted that she was entitled to a favorable judgment on the "liability issue" since the Army did not challenge the administrative determination that she had been discriminated against. She further maintained that the Army's motion for summary judgment should be denied because material questions of fact remained in dispute. Specifically, appellant asserted that she would have been promoted in the absence of discrimination because the two women who were ranked Best Qualified for the position were not serious candidates for the job and that her ratings were artifically low because the selection process was tainted.

On February 3, 1984, the district court granted appellant's motion for partial summary judgment on the question of Title VII liability since the Army had "admitted discrimination against the plaintiff." Believing that material questions of fact were in dispute regarding the appropriate relief to be granted, the district court denied the Army's summary judgment motion and set the case for trial. As should be evident from our discussion of the parties' memoranda in support of their summary judgment motions, both the Army and appellant considered the issue before the district court to be whether appellant would have been promoted in the absence of discrimination. Therefore, the parties were initially in agreement that, in order to determine whether appellant was entitled to an award of back pay and retroactive promotion, the district court must make a factual finding that the Army's discrimination was a "but for" cause in appellant's being denied the promotion in question.

A trial was held on this question on March 19–20, 1985, and the district court issued its decision on October 28, 1985. The district court made extensive findings of fact regarding the entire selection process and concluded that appellant would not have been promoted even in the absence of discrimination. Specifically, the district court rejected appellant's assertions that the female candidates who were rated as Best Qualified were not serious candidates, and that the selection process could not be trusted. In reaching this finding, the court, relying on *Day v. Mathews,* 530 F.2d 1083 (D.C.Cir.1976), held that the burden was on the Army to prove this fact by clear and convincing evidence. Accordingly, the district court denied appellant's request for retroactive promotion and back pay.

Four days after the entry of this order, this Circuit announced its opinion in *Blalock v. Metals Trades, Inc.,* 775 F.2d 703 (6th Cir.1985). Based on this decision, appellant filed a motion to alter or amend the district court's October 28, 1985 order, asserting a new ground for entitlement to relief. In this motion, she argued that it was legal error for the court to utilize the *Day v. Mathews,* "but for" causation test in the remedial stage of a Title VII pro-

ceeding. Rather, she argued that under *Blalock*, causation was to be determined in the liability phase of a proceeding; since she had prevailed on the issue of liability, appellant argued that she was therefore entitled to the relief she requested. In addition, she also requested that a mandatory injunction be issued against the Army and that she should at least be granted priority consideration for the Supervisory Budget Analyst position. She also argued that since she had prevailed on the liability issue she was at least entitled to an award of attorney's fees.

The district court denied appellant's requests on December 10, 1985, reasoning that its October 28, 1985 order was consistent with *Blalock* because "the Army, as employer, had proven clearly and convincingly that the identical 'adverse employment action'—the decision not to promote plaintiff—would have been taken in the absence of discrimination by it." The court refused to grant injunctive relief on the ground that appellant was not adversely affected by the Army's actions. Further, the court denied appellant's request for attorney's fees; since appellant did not receive any of the relief she requested, the court concluded that she was not the prevailing party in the lawsuit.

Haskins appealed from the October 28, 1985 and December 10, 1985 orders; the Army did not file a cross-appeal.

## II

Appellant's primary contention is that the district court committed legal error by applying the *Day v. Mathews* causation test in the remedial stage of the proceedings. She asserts that this court's decision in *Blalock v. Metals Trades, Inc.*, 775 F.2d 703 (6th Cir.1985), precludes such an inquiry, and she also argues that the D.C. Circuit's decision in *Toney v. Block*, 705 F.2d 1364 (D.C.Cir.1983), limits the applica-

bility of *Day v. Mathews* to class action suits. Since *Blalock* requires a finding of but for causation in order to establish liability, appellant argues that the district court's grant of summary judgment in her favor on the issue of liability, as well as the defendant's admission of discrimination, necessarily contained all the elements of Title VII liability including but for causation. Accordingly, appellant reasons, if but for causation has been established as a prerequisite to a finding of Title VII liability, the court may not enter into this inquiry a second time. As a direct result of this argument, appellant asserts that the district court's factual findings are not before this court because the district court committed legal error by applying the *Day v. Mathews* test. Further, appellant maintains that we can neither review nor set aside the district court's finding of liability since the Army failed to appeal from that finding. If we were to adopt this view, appellant concludes that she would be entitled to an appropriate relief award, on remand, according to the principles set forth in *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975) and *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976).[1]

Appellant's second major contention is that the instant case is analogous to the Fourth Circuit case, *Pecker v. Heckler*, 801 F.2d 709 (4th Cir.1986). Appellant asserts that the *Pecker* case stands for the proposition that when the employing agency or the EEOC finds for a plaintiff on the question of liability, then the liability finding cannot be challenged in district court; rather, the only proper question before the district court is whether the agency properly granted relief in accordance with the *Albemarle Paper Co.* and *Franks* cases. It is legal error to proceed under the *Day v.*

---

**1.** In *Albemarle Paper Co.*, the Court held that the dual purposes of Title VII—to achieve equality in employment and to provide a "make whole" remedy for victims of discrimination—required that back pay awards be granted to identified victims of discrimination unless a denial of such an award would not frustrate the purposes of the Act. 422 U.S. at 417–21, 95 S.Ct. at 2371–73. The *Franks* case reiterated the principles enunciated in *Albemarle* regarding the breadth of power federal courts have in fashioning appropriate relief.

*Mathews* case, appellant argues, if a finding of discrimination was made by the administrative agency.

In the instant case, appellant emphasizes that the Army's admission of discrimination incorporated the administrative finding of liability pursuant to the *McDonnell Douglas* framework. Since the *McDonnell Douglas* test includes a factual finding of pretext, and since this court has specified that a finding of pretext is the equivalent of a finding of "but for" causation, *see Goostree v. Tennessee*, 796 F.2d 854, 863 (6th Cir.1986), appellant concludes that the Army's admission included an admission of causation. Thus, appellant would be entitled to a presumption of all forms of appropriate relief according to *Albemarle Paper Co.* and *Franks.*

Having prevailed on the liability issue, appellant also asserts that the district court abused its discretion by failing to issue a mandatory injunction against future discrimination by the Army. Similarly, appellant maintains that she is entitled to receive attorney's fees and costs.

## III

It is well-settled that the responsibility of factfinding is that of a district court, and that specific findings may not be set aside on appeal unless those findings are clearly erroneous. *Pullman-Standard v. Swint*, 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982); Fed.R.Civ.P. 52(a). This deferential standard does not apply to conclusions of law, however, *see Pullman-Standard*, 456 U.S. at 287, 102 S.Ct. at 1789, or to factual findings which result from the application of incorrect legal principles. *See Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 855 n. 15, 102 S.Ct. 2182, 2189 n. 15, 72 L.Ed.2d 606 (1982). As noted above, appellant maintains that the district court committed legal error.

### A. Causation

We believe that the principal question before this court is whether our recent opinion in *Blalock* precludes a district court from resolving a factual dispute over causation in the remedial stage of a claim if such a question has not yet been resolved by the district court. In addition, we must determine whether the Army's admission of liability based on the administrative findings has any effect on our analysis of this case. For the reasons which follow, we conclude that neither *Blalock* nor the Army's admission barred the district court from resolving the factual dispute over causation.

In *Blalock*, this court for the first time set forth guidelines for analyzing a dual motive Title VII case, including the burdens which must be carried by the parties on the issue of causation. In a non-dual motive case, where the issue is which of two alternative reasons is the "true" reason for the adverse employment action, the court noted that the Title VII plaintiff has the burden of persuasion to establish that the unlawful motive was more likely than not the basis of the employer's decision. 775 F.2d at 709. This is "but for" causation under the *McDonnell Douglas* test. However, when it is alleged that the Title VII plaintiff would not have been hired or promoted even in the absence of the unlawful discrimination,—i.e., that there was more than one reason for the adverse employment action—we held that the causation standard, or "same decision" test, of *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) applied. *Blalock*, 775 F.2d at 712. Under the *Mt. Healthy* test, once a plaintiff has met his or her burden of showing that the illegal conduct more likely than not was a motivating factor in the employment decision, the defendant must be given the opportunity to show, by a preponderance of the evidence, that the same decision would have been reached even in the absence of discrimination. *See id.* at 710–12. *Cf. East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 404 n. 9, 97 S.Ct. 1891, 1897 n. 9, 52 L.Ed.2d 453 (1977) (where Court noted that an employer would be entitled to prove at trial that a claimant would not have been

hired, even if there was a showing of discrimination). If the employer meets this burden of production, there is no Title VII liability.

■ In our Circuit, therefore, the "same decision" causation test is to be applied in determining whether there is Title VII liability, rather than in fashioning the appropriate relief. This is contrary to the approach some courts have adopted. *See, e.g., Bibbs v. Block,* 778 F.2d 1318 (8th Cir.1985) (en banc), *modifying* 749 F.2d 508 (8th Cir.1984); *Day v. Mathews,* 530 F.2d 1083 (D.C.Cir.1976).[2] Were district courts to apply the *Blalock* standard in a procedurally accurate manner, they would decide the question of causation before entering summary judgment on the liablity issue. In such a case, the question of causation could not be reopened in the remedial stage since it would already have been decided that the plaintiff would have been promoted in the absence of discrimination.

2. We are unpersuaded by appellant's assertion that the D.C. Circuit's opinion in *Toney v. Block,* 705 F.2d 1364 (D.C.Cir.1983) limited the *Day v. Mathews* "same decision" approach to class action suits. In *Day v. Mathews,* evidence of discrimination in the particular employment decision was produced by the claimant; under such circumstances, the court reasoned that "liability" was established, and that the burden then shifted to the employer to prove by clear and convincing evidence that the individual would not have been hired or promoted in the absence of discrimination. In *Trout v. Lehman,* 702 F.2d 1094 (D.C.Cir.1983), *vacated on other grounds,* 465 U.S. 1056, 104 S.Ct. 1404, 79 L.Ed.2d 732 (1984) and *McKenzie v. Sawyer,* 684 F.2d 62 (D.C.Cir.1982), the court extended the burden shifting approach in *Day v. Mathews* to class action suits. In *Trout,* the court held that once class-wide discrimination was shown, individual members of the class were presumptively entitled to relief. Accordingly, liability was established upon a showing of class-wide discrimination, and the burden shifted to the employer in the remedial stage to prove that the individual class members would not have been promoted or hired in the absence of discrimination.

Like the *Trout* case, *Toney v. Block* only contained evidence of systemic discrimination, not discrimination in a particular employment decision. However, unlike *Trout, Toney v. Block* was not a class action suit. The court in *Toney v. Block* held that in an individual disparate treatment case, evidence of discrimination-at-

In the instant case, the district court entered summary judgment on the issue of Title VII liability based on the administrative proceedings. At the administrative level, a finding of liability was entered pursuant to the *McDonnell Douglas* standard, and the "same decision" test was not applied until the remedial stage. The conclusion is inescapable that neither the EEOC nor the employing agency approached this case under the standards enunciated in *Blalock;* rather, at each stage in the administrative process, it was noted that "but for" causation under *McDonnell Douglas* was adequate to enter a liability finding, despite the additional finding that appellant would not have been promoted in the absence of discrimination. This case, therefore, was treated as a single motive case in establishing liability in the administrative and district court proceedings. The second motive was only acknowledged when a remedy was being formulated.[3]

large was not adequate to provide a claimant with the presumption of entitlement to relief and could not justify a shifting of the burden to the employer. Rather, the evidence was merely adequate to establish a prima facie case. Nothing in *Toney v. Block* relates to a court's ability or inability to review the "same decision" test in the remedial stage; rather, it holds that class-wide discrimination is inadequate to establish liability in an individual disparate treatment case. Seen in its correct light, *Toney v. Block* actually limits the *Trout* case, and is consistent with *Day v. Mathews.*

3. As noted above, appellant also maintains that a finding of pretext pursuant to the *McDonnell Douglas* test is the equivalent of a finding of causation, citing *Goostree v. Tennessee,* 796 F.2d 854 (6th Cir.1986) for this proposition. Since the liability finding at the administrative level included a finding of pretext, appellant maintains that the district court was precluded from reviewing the question of causation in the remedial stage. This analysis ignores the distinction between causation in a single motive case and causation in a dual motive case. In a dual motive case, such as the case at bar or *Blalock,* a finding of pretext does not necessarily translate into Title VII liability. Rather, if the employer satisfies its burden of showing that the adverse employment decision would have been made in the absence of the discriminatory, pretextual conduct, but for causation within the context of a dual motive case has not been established.

■ While *Blalock* requires the "same decision" causation standard to be applied in making a liability determination, we hold that *Blalock* does not preclude a district court from applying the "same decision" test in fashioning a remedy, when that court has proceeded under the assumption that such an inquiry is not part of a liability determination. In the instant case, the district court did not have the benefit of *Blalock* when it rendered its judgment on October 28, 1985, and there is absolutely no doubt that the *Blalock* causation standard was not applied in the "liability phase." To hold that *Blalock* precludes this inquiry by the district court or by this court on appeal simply because the district court held that liability had been established would be inconsistent with the principles enunciated in *Blalock* since it would permit an award of back pay or retroactive promotion absent a finding of but for causation—a result certainly not contemplated by *Blalock*. Such a rationale would effectively place form over substance, and would ignore the unique posture this case was in when our Circuit articulated the appropriate causation standard for a dual motive case. We decline to accept appellant's assertion that when a district court makes a finding of Title VII liability, that findings must be construed to be equivalent to a finding of liability under *Blalock*. A district court's findings, as with a party's admissions, must be analyzed in the setting they were made; in the instant case, the record makes it abundantly clear that the "same decision" test was perceived, by each party and by the district court, as an appropriate inquiry for the remedial stage. Since it is clear that a defendant must be afforded an opportunity to prove that the plaintiff would not have been promoted even in the absence of discrimination, it did not constitute reversible error for the district court to enter into this inquiry after entering summary judgment on the liability issue.

■ Further, pursuant to appellant's motion to alter or amend the district court's October 28, 1985 order, the district court determined on December 10, 1985 that its denial of relief was consistent with *Blalock*. Specifically, the court emphasized that under *Blalock* the relief requested by appellant could not be granted since the Army had established by clear and convincing evidence that appellant would not have been promoted even in the absence of discrimination. We agree with the district court's conclusion. While the court's analysis did not procedurally adhere to *Blalock's* guidelines, the necessary questions were addressed and the correct result was reached.

Our opinion is not swayed by the fact that a finding of liability was entered in appellant's favor at the administrative level and that the Army admitted to liability in this action based on those findings. We do not take issue with appellant's assertion that a federal employee can request a federal court to enforce a favorable EEOC order without having to risk a de novo review on the merits. *Cf. Pecker v. Heckler*, 801 F.2d 709, 711 n. 3 (4th Cir.1986); *Moore v. Devine*, 780 F.2d 1559, 1563 (11th Cir.1986), *modifying* 767 F.2d 1541 (11th Cir.1985); *Houseton v. Nimmo*, 670 F.2d 1375, 1378 (9th Cir.1982).[4] However, we do not accept appellant's suggestion that a favorable liability finding at the administrative level automatically ·entitles a Title VII plaintiff to the presumption that back pay

---

**4.** These cases acknowledge the distinction between federal employee cases and private-sector cases. Pursuant to statute and regulations, the *federal employing agency and the EEOC are* empowered to enter final orders which are binding on the employing agency. *See* 42 U.S.C. § 2000e–16; 29 C.F.R. §§ 1613.201 *et seq.* In a private-sector case, the EEOC does not have the power to issue final decisions which are binding on the employer. If a federal employee has received a favorable determination at the administrative level, he or she is able to go into federal court to enforce that order without risking de novo review of the merits. Thus, the employing agency cannot challenge issues decided against it if the plaintiff does not seek de novo review. However, a plaintiff is entitled to a de novo hearing if requested. *Chandler v. Roudebush*, 425 U.S. 840, 861–64, 96 S.Ct. 1949, 1959–61, 48 L.Ed.2d 416 (1976). In such a case, the district court is not bound by the administrative findings. *See Moore v. Devine*, 780 F.2d at 1564 (noting that plaintiff "pled and tried the merits of this claim").

and a retroactive promotion should be awarded by a federal district court. Rather, as noted above, a liability determination must be reviewed in the context that it was made; facts which were not resolved by the EEOC in making such a determination cannot be read into such a finding upon a claimant's demand. Although we agree that the factual findings underlying an administrative liability determination must be accepted by the district court if the plaintiff so requests, we reject the proposition that an EEOC liability finding necessarily translates into a liability finding under the standards set forth in *Blalock*.

In the instant case, the liability finding established that sex was a factor in the promotion decision, but the finding did not include a "same decision" test analysis; in other words, causation was not established. In accordance with appellant's requests, the district court did not conduct a de novo review of the facts underlying the liability finding. Rather, the court only conducted a de novo review of the facts necessary to determine whether appellant would have been promoted in the absence of discrimination. This, too, was in accordance with appellant's wishes; she specifically requested a de novo judicial determination of these facts since the issue of entitlement to back pay and retroactive promotion had been decided against her at the administrative level.

Due to the scope and content of the administrative findings, this case is distinguishable from *Pecker v. Heckler*, 801 F.2d 709 (4th Cir.1986), upon which appellant relies. As in the instant case, the employing agency in *Pecker v. Heckler* did not challenge the liability determination, and the district court concluded that the only issue before the court was whether the plaintiff was entitled to more relief. Unlike this case, however, the EEOC in the *Pecker v. Heckler* case had determined, in accordance with the *Day v. Mathews* standard, that the plaintiff would have been

promoted in the absence of discriminatory conduct. *See Pecker v. Heckler*, 801 F.2d at 711 n. 4.[5] Therefore, by adopting the administrative findings, the district court also adopted a "same decision" test analysis which was favorable to the plaintiff. The difference in the instant case and *Pecker v. Heckler* is obvious: the district court in the instant case did not, and could not, adopt a favorable "same decision" test analysis based on the administrative findings since the EEOC had resolved that issue against appellant. Accordingly, appellant did not enter district court having already established an entitlement to retroactive promotion and back pay. Under the present circumstances, it would have constituted legal error for the district court to award back pay and retroactive promotion based solely on the administrative record.

The argument pressed by appellant would require us to ignore the established facts and to eliminate the question of causation from the Title VII analysis. Appellant's reasoning would effectively eliminate the "same decision" inquiry from the administrative and federal court proceedings. We cannot adopt such a theory, nor can we imagine that any other court would do so. Although federal courts are in disagreement over whether the "same decision" test is an appropriate inquiry for the liability or remedial stage, they are in general agreement that such an inquiry must be made in a dual motive case before a plaintiff can be awarded retroactive promotion and back pay. Title VII does not require federal courts to grant plaintiff a windfall, but only requires an award of "make whole" relief. In the instant case, since we find that the district court did not commit legal error and that its factual findings are not clearly erroneous, an award of retroactive promotion and back pay would have constituted a windfall to appellant. We affirm the district court's denial of this relief.

---

**5.** We cannot accept appellant's argument that *Pecker v. Heckler* precludes a district court from applying the *Day v. Mathews* test once Title VII liability is established. Rather, *Pecker v. Heck-* ler cites to *Day v. Mathews* with approval, noting that the employing agency had failed to meet its burden under that test.

## B. Other Relief

Based on the facts of this case and our conclusions above, we also find that the district court did not abuse its discretion in denying appellant's request for injunctive or declaratory relief. Further, the district court did not err in denying appellant's request for attorney's fees. The Army's admission in and of itself does not confer prevailing party status on appellant. Rather, since she was found to not be entitled to the relief she requested, she is not the prevailing party.

Accordingly, the judgment of the district court is AFFIRMED.