101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Suzanna E. RAKER, Plaintiff-Appellant,
v.
Michael ESPY, Secretary, USDA, Defendant-Appellee.
 No. 95-2047.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1996.
 
 Before: KRUPANSKY, BOGGS, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal is from a judgment determining that Suzanna E. Raker, plaintiff, a victim of employment discrimination, was not entitled to further relief beyond the back pay and offer of reinstatement that she received pursuant to a favorable decision by the United States Department of Agriculture ("USDA"). For the following reasons, we affirm in part, reverse in part and remand with instructions that Raker be awarded additional monetary relief reflecting lost fringe benefits.
 
 I.
 
 2
 The United States Forest Service hired Raker on May 22, 1989, as a Temporary Forestry Technician, GS-04, for a period not to exceed September 30, 1989. After the Forest Service dismissed Raker on July 15, 1989, she filed an administrative complaint with the USDA alleging unlawful discrimination. In a decision dated August 11, 1992, the USDA found that Raker was a victim of sex, age, and reprisal discrimination. Because the Forest Service's intent before discriminating against Raker was to convert her to a permanent appointment, the USDA ordered the Forest Service to determine the first vacancy subsequently filled for which she was qualified. The USDA also ordered the Forest Service to reimburse Raker for lost back pay and benefits in accordance with 5 C.F.R. § 550.805.
 
 
 3
 The Forest Service determined that the first vacancy filled subsequent to September 30, 1989, the ending date of Raker's temporary appointment, for which Raker qualified was that of a Biological Technician, GS-404-05. The Forest Service offered this position to Raker and directed her to report for employment on April 5, 1993. Raker failed to report for work on that day. Instead, on January 15, 1993, she filed a complaint with the USDA asserting that the Forest Service did not comply with the USDA's previous decision. On April 2, 1993, the USDA issued a second decision stating that the Forest Service was in compliance. Raker appealed this decision to the Equal Employment Opportunity Commission ("EEOC").
 
 
 4
 The EEOC remanded the case to the Forest Service and ordered the agency to provide Raker with:
 
 
 5
 i. an explanation of the process used to determine that [Raker] should be appointed to the position of Biological Technician;
 
 
 6
 ii. appoint [Raker] to such other position as it deems constitutes full relief in this case; or
 
 
 7
 iii. provide [Raker] with a list of positions filled by the agency in the period following [Raker's] termination [that is, after July 15, 1989] for which [Raker] would be qualified.
 
 
 8
 Raker v. Department of Agriculture, EEOC Appeal 01932388 (June 16, 1993).
 
 
 9
 The USDA issued a third decision on September 7, 1993, finding that the Forest Service complied with the August 11, 1992 decision by offering Raker the Biological Technician position. The USDA explained that the Forest Service concluded that the first positions that were filled for which Raker qualified were those of Biological Technician, GS-404-05, and two Forestry Technician positions, GS-462-04 and GS-462-05, respectively. The USDA stated that these three positions were filled on November 5, 1989 and that Raker was offered the Biological Technician position.
 
 
 10
 In early 1994, Raker was given a government check for back pay in the amount of $67,945.16. The calculation was based upon the Biological Technician rate from July 16, 1989, the date after Raker's wrongful discharge, to April 4, 1993, the day before she was to report to work. This payment did not include reimbursement for lost fringe benefits.
 
 
 11
 Raker appealed the USDA's third decision to the EEOC. Thereafter, Raker filed suit in the district court. In a memorandum dated August 9, 1995, the district court found that the Forest Service complied with the USDA's first decision and that Raker was not entitled to placement in a higher, GS-09, classification, nor to additional relief beyond the back pay already received.
 
 II.
 
 12
 The principal issue raised by this appeal is whether the district court was clearly erroneous in finding that Raker was not entitled to an offer of permanent employment as a Forester, GS-09. See Haskins v. United States Dep't of Army, 808 F.2d 1192, 1197 (6th Cir.1987). The district court was correct in determining that Raker was not entitled to employment at the GS-9 level.[1]
 
 
 13
 Raker argues that the Forest Service did not comply with the USDA order because the offer of a Biological Technician position, GS-05, did not constitute an offer of the first position filled subsequent to July 15, 1989, the date of her discharge, for which she was qualified. Raker claims that she was entitled to appointment as a Forester, GS-09, a position filled on August 27, 1989.
 
 
 14
 The term "qualified" as used in the USDA report encompasses eligibility. While Raker was capable of performing at the GS-09 level, as a temporary employee who had been working for approximately three months at the GS-04 level, she was not eligible under the hiring and promotional system of the Forest Service to be promoted directly to the GS-09 level. During the period of her temporary summer employment, Raker was not eligible to compete for career positions in the Forest Service. Indeed, it would have been unusual for the Forest Service to hire any temporary employee as a GS-09 Forester during his or her summer employment.
 
 
 15
 Thus, the GS-404-05 position was the first vacancy subsequently filled after Raker's discharge for which she qualified, and it was substantially equivalent to the position that Raker would have occupied had the agency carried out its intent in hiring Raker as a permanent employee upon termination of her summer employment. Consequently, the district court correctly concluded that the Forest Service complied with the USDA order by offering Raker the GS-404-05 position.
 
 
 16
 The district court did err, however, in refusing to award Raker additional monetary relief. Raker only received payment for lost back pay and did not receive compensation for lost fringe benefits as required by the USDA order. See Wilson v. Pena, 79 F.3d 154, 158 (D.C.Cir.1996). Accordingly, we reverse the district court's denial of relief and remand with instructions that Raker be compensated for lost benefits in accordance with 5 C.F.R. § 550.805, which requires an employee be given her "pay, allowances and differentials if the unjustified or unwarranted personnel action had not occurred." That includes fringe benefits.
 
 
 17
 REVERSED and REMANDED.
 
 
 
 [1]
 Raker also argues on appeal that the district court erred in denying her request for front pay. As we are not firmly convinced that a mistake has been made, the district court did not abuse its discretion in denying Raker front pay. See Shore v. Federal Express Corp., 777 F.2d 1155, 1159 (6th Cir.1985)