Eddie SIMPKINS, Plaintiff,

v.

Marvin RUNYON, Postmaster General, United States Postal Service, Defendant.

No. 1:97–CV–0618–CAM.

United States District Court, N.D. Georgia, Atlanta Division.

March 24, 1998.

Richard M. Maddow, Office of Richard M. Maddow, Atlanta, GA, for Plaintiff.

David Wright, Office of U.S. Attorney, Atlanta, GA, for Defendant.

## ORDER ON RECONSIDERATION

MOYE, District Judge.

This case is again before the Court on plaintiff's motion to "reconsider denial of

summary judgment on liability issue and request for clarification or explanation of order".

On or about January 24, 1997, the Merit Systems Protection Board (MSPB) issued a final ruling that defendant had engaged in disability discrimination against the plaintiff, and held that pursuant to 42 U.S.C. § 1981a(a)(2) the plaintiff's claims entitled him to seek compensatory damages, that he in fact had suffered emotional harm and awarded him $6000 as compensatory damages. The defendant acquiesced in the award and tendered it to the plaintiff.

The parties advanced as the legal issues to be decided by the Court:(1) whether the plaintiff may seek *de novo* review in this Court strictly limited to the amount of compensatory damages which were granted by the MSPB, (2) whether the amount of such damages was appropriate, and, by the defendant, (3) whether the doctrine of sovereign immunity insulates federal agencies from liability for compensatory damages under the Rehabilitation Act of 1973, as amended. Only the first issue was earlier ruled upon by this Court, and is again presented by plaintiff's present motion. On March 16, 1998, defendant filed a notice of withdrawal of its sovereign immunity defense. Therefore the Court has before it only the issue of the scope of the proceedings in this Court.[1] The second issue must await further proceedings.

As to the "clarification or explanation" of this court's earlier order which was a one-line denial of plaintiff's summary judgment motion, the Court did not find the precedents cited to it by plaintiff as requiring the result contended for by plaintiff for the reasons set forth below.

The Court, in arriving at its decision, has read and considered (see plaintiff's motion, pp. 2–3): *Morris v. Rice,* 985 F.2d 143, 145–6 (4th Cir.1993); *Pecker v. Heckler,* 801 F.2d 709, 711 n. 3 (4th Cir.1986); *Haskins v. U.S. Dept. of Army,* 808 F.2d 1192, 1199–1200 & n. 4 (6th Cir.), cert. den. 484 U.S. 815, 108 S.Ct. 68, 98 L.Ed.2d 32 (1987); *Girard v. Rubin,* 62 F.3d 1244 (9th Cir.1995); *Hashimoto v. Dalton,* 870 F.Supp. 1544, 1557 (D.Hawai'i 1994); *Moore v. Devine,* 780 F.2d 1559, 1564 (11th Cir.1986); *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976); and *Cocciardi v. Russo,* 721 F.Supp. 735 (E.D.Pa.1989).

*Chandler v. Roudebush* and *Moore v. Devine* are, of course, completely binding upon this Court; the other cases cited are only more or less persuasive precedent.

The starting point in the court's inquiry is the relationship between two now clearly settled propositions: (1) Federal Courts have uniformly granted requests for enforcement of final agency and EEOC decisions without *requiring de novo* review of the merits of the discrimination claim unless the court has found the relief to be outside the EEOC's authority. *Moore v. Devine, supra,* 780 F.2d at 1563. And (2) but, upon request by the employee, must accord a federal employee the *same* right to a trial de novo as private sector employees enjoy under Title VII. *Chandler v. Roudebush, supra,* 425 U.S. at 864, 96 S.Ct. 1949. Underscoring added.

In this case, the plaintiff is not seeking the enforcement of a final MSPB order, although it was favorable to him (but not favorable enough, the plaintiff contends). The complaint begins:

## COMPLAINT

### NATURE OF CLAIM

This is an action for a de novo jury review limited to the relief granted to the plaintiff by way of compensatory damages by order of the Merit Systems Protective Board,(hereinafter "MSPB") pursuant to 42 U.S.C. § 2000e–16."

Neither 42 U.S.C. § 2000e–16, nor 42 U.S.C. § 2000e–5 to which the former section refers mentions a "*de novo* jury review", both refer to "civil actions." The Court has not been referred by either counsel to a provision for appellate review in the District Court of a final order of the MSPB. Nor is the Court aware of any such provision for a jury "review" of agency findings. The civil action authorized by 42 U.S.C. § 2000e–5 is what is generally referred to as a trial de novo, that

---

**1.** The Court has considered plaintiff's "Reply Memorandum" of March 20, 1998.

is, in common understanding, a complete new trial on the merits. This was the holding in *Chandler v. Roudebush.* (The court should note that there has not been presented to it any issue as to whether there is anything in the agency record that would have evidentiary value, conclusive or otherwise, in such a trial de novo. See: *Chandler v. Roudebush,* 425 U.S. at 863, n. 39, 96 S.Ct. 1949; *Moore v. Devine,* 767 F.2d 1541, 1551 (11th Cir. 1985)). A full trial *de novo* of course poses risks for a plaintiff, such as the one here, who has secured relief from the agency, but not as much as he wishes. He might lose everything in such a complete new trial. The question is, "can he have his cake and eat it too." It is with that dilemma that many of the cases cited above, as well as this, have been and are concerned.

*Moore v. Devine, supra,* was a panel decision on rehearing of that same panel's former decision in the same case, *Moore v. Devine,* 767 F.2d 1541 (11th Cir.1985). That panel's statement as to why it was reconsidering the matter appears important to this Court (780 F.2d at 1560):

> "We stated (in the former opinion) that the district court may independently determine in a trial *de novo* the merits of the employee's claim. *Id.* at 1549–1551 (captioned *"Enforcement of the Final EEOC Order"*). Upon now being better informed about the applicable federal regulations and case law, we find that they require that the district courts enforce final EEOC decisions favorable to federal employees when requested to do so."

The Court went on, however, to reaffirm the district court's decision *refusing* to enforce the EEOC final order, stating further relevant to the issue here (780 F.2d at 1563, 1564):

> "Were we presented with a straightforward case in which the employee had filed suit in federal court seeking <u>only</u> to enforce a favorable EEOC order, we would be compelled to reverse the district court and order enforcement". (Underscoring added).

>         *       *       *       *       *       *

> "We do not hereby suggest that an employee who seeks redress of an agency's refusal to comply with an order requiring further fact finding invariably opens the merits of his or her claim to de novo review by the district court. The employee may request enforcement by the district court without requesting and trying the merits of the claim".

        *       *       *       *       *       *

> "We point out that this is not a case in which the employee has prevailed before the EEOC and then been required to submit his or her proof anew at the whim of the court or the government."

The holding of the Court of Appeals, as this Court understands it, is that an aggrieved federal employee has the option of litigating the full merits of his case in the courts if dissatisfied with the administrative result. Or, an employee, successful, that is, not aggrieved in the administrative forum, may sue in the courts to enforce the decision of the administrative body without subjecting himself to re-litigation of the merits, and in that case the court's decision would be whether or not such administrative award was enforceable. In *Moore v. Devine,* the administrative award was held unenforceable. That the court in *Moore v. Devine* believed that it was merely considering a suit to enforce a favorable administrative decision seems clear when one reads its discussion of *Houseton v. Nimmo,* 670 F.2d 1375 (9th Cir. 1982) and other similar cases at 780 F.2d at 1563.

In *Pecker v. Heckler, supra,* the EEOC examiner found discrimination and recommended that plaintiff be given priority consideration for the next available GS–10 position for which she was qualified. Defendants acquiesced in that decision, but plaintiff appealed to the EEOC, challenging the adequacy of the award, and that agency ordered retroactive promotion to GS–10, with the proviso that "if a position of Deputy Manager was not vacant at the time of its decision, the parties could agree on an alternative placement with similar benefits". At the time of the EEOC decision, the Deputy Manager position was filled and there was no GS10 position available. Plaintiff then filed suit in the district court "seeking declaratory and

injective relief, retroactive promotion to ("the grade level and position she would have occupied but for the defendants' discriminatory and retaliatory treatment"), and commensurate back and front pay and benefits." Shortly after suit was filed defendant offered and plaintiff accepted a newly created GS–10 position. At that point, therefore, the defendant acquiesced in the EEOC award, but the plaintiff still disputed the adequacy of the remedy, and the case proceeded in district court. The Court of Appeals then notes (801 F.2d at 710); "Liability was not contested in the district court, the sole issue being the adequacy of the remedy granted by the EEOC." This Court finds that statement critical to an understanding of the *Pecker* decision. Neither the district court nor the Court of Appeals had before it the issue of liability because the defendant had not raised it, not because the plaintiff had the right to insist as a matter of law that the case be confined to the issue of the adequacy of the remedy only, or to so "tailor" her claim, and neither court so held.

The district court denied plaintiff's request for additional relief and granted summary judgment for the defendants. The Court of Appeals ordered reinstatement at an even higher level plus back and front pay, and enjoined further discrimination or retaliation, *Id.* at 713, substantially greater relief than that recommended by the examiner, awarded by the EEOC, or granted by the district court.

In granting relief, the *Pecker* Court ruled that the plaintiff was "entitled to a district court order affirming the EEOC's finding of liability" (801 F.2d at 711, n. 3). Why that was a problem is not clear since the plaintiff had obtained all the actual relief requested. The Court, referring to *Moore v. Devine* for the proposition that "applicable federal regulations and case law require that the district courts enforce final EEOC decisions favorable to federal employees when requested to do so", but without discussion of the difference between a suit to enforce as against an unwilling government and a trial *de novo* at the plaintiff's option as did the *Moore v. Devine* court, stated that she was entitled to an order to that effect. The *Pecker* Court's

action, however, was consistent with a full trial *de novo* as set out in *Roudebush* and *Moore v. Devine*, however, because in a plenary trial liability is always an ingredient of the result, whether or not there has been any evidence introduced on the issue by the party having the burden of proof.

*Girard v. Rubin,* supra, was a straightforward suit to enforce and the government was not allowed to challenge as erroneous an agency finding of fact (62 F.3d at 1247), quoting from *Haskins v. U.S. Dept. of Army, supra,* 808 F.2d at 1199–1200:

"Thus, the employing agency cannot challenge issues decided against it if the plaintiff does not seek de novo review".

The *Girard* court also cited *Houseton v. Nimmo,* 670 F.2d 1375 (9th Cir.1982) as holding a "final decision of EEOC denying request to reconsider a favorable agency ruling entitled plaintiff to an enforcement order from the district court without *de novo* review". *Id.* at 1247.

In *Cocciardi* the district court made the correct analysis of *Chandler v. Roudebush,* and the relevant opinions of the courts of appeals, holding, as set out in *Moore v. Devine,* that the federal employee has the clearly established right to an order directing the agency to comply with the final administrative decision, or, since *Chandler v. Roudebush,* to a de novo trial, and that, importantly, a de novo trial is a trial of all issues, liability included. 721 F.Supp. at 737.

In *Morris v. Rice, supra,* The EEOC had found discrimination, but only awarded costs and attorneys fees. 985 F.2d at 144. The employee filed suit in the district court which entered summary judgment for plaintiff on liability, but not on remedy, finding there to be genuine issues of fact. 985 F.2d at 145. In its consideration of the remedy issue, the district court reexamined and found differently an important fact which had bearing on liability as well as remedy. There is no indication whether in the district court the liability issue was contested. In view of the award by the EEOC of only costs and attorneys fees, the employing agency may simply have not contested liability, as in *Pecker.* The district court then denied plaintiff the relief requested. 985 F.2d at 145.

The Court of Appeals stated the question before it as "whether a district court conducting a *de novo* review of the remedy portion of an Equal Employment Opportunity Commission (EEOC) decision in a race discrimination case is bound by factual findings of the EEOC that support its findings of liability, or otherwise, whether the court may reconsider EEOC-found facts insofar as they relate to the remedy issues." 985 F.2d at 144. It held that reconsideration of a "dual purpose" fact did not "improperly reopen the discrimination question." 985 F.2d at 146. It held that "the district court acted properly and within the scope of its review"[2]. *Id.* In arriving at its decision, The Court relied upon *Moore v. Devine, Chandler v. Roudebush, Pecker v. Heckler,* and *Haskins v. U.S. Dept. of Army,* 808 F.2d 1192, 1199 & n. 4 (6th Cir.). The Court stated "Furthermore, the plaintiff may limit and tailor his request for de novo review, raising questions about the remedy without exposing himself to a de novo review of a finding of discrimination". 985 F.2d at 145. While procedurally the case may actually have been so circumscribed by the district court, and that cannot be determined with certainty from the court's opinion, the statement itself, in view of the actual ruling of the court, was dicta, and, this court believes, not supported by the precedent upon which it was based.

This Court therefore finds that the plaintiff is entitled to an order of enforcement if the Government is unwilling to comply with the award of the administrative agency, absent some legal bar to enforcement which has not been suggested as yet, or to a *de novo,* plenary trial on the merits. The Court believes all the cases discussed above are consistent with this result (dicta in the Fourth Circuit possibly excepted).

The motion for reconsideration is **GRANTED**, Plaintiff's motion for summary judgment as to liability is **DENIED.**

The Court is of the opinion that an immediate appeal may advance the ultimate determination of this matter as a controlling question of law is involved (28 U.S.C. § 1292(b)).

---

2. In this connection, see the reference in the first *Moore v. Devine* (767 F.2d at 1551) to the Fifth Circuit's opinion in *McClure v. Mexia Independent School District,* 750 F.2d 396, 400 (5th Cir. 1985).