Annie HOUSETON, Plaintiff-Appellee,

v.

Robert P. NIMMO *, in his official capacity as Administrator of the Veterans Administration; H. H. Villalovos *, in his official capacity as Regional Administrator of the Veterans Administration; and the United States of America, Defendants-Appellants.

No. 80–5033.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 1981.

Decided March 1, 1982.

---

* Substitution of parties pursuant to Fed.R. App.P. 43(c)(1).

Katherine Gruenheck, Washington, D. C., argued, for defendants-appellants; Robert E. Kopp, Alice Daniel, Washington, D. C., Andrea Sheridan Ordin, U. S. Atty., Los Angeles, Cal., on brief.

Stuart P. Herman, Beverly Hills, Cal., argued, for plaintiff-appellee; John A. Lawrence, Richman, Sacks, Herman & Twitty, Beverly Hills, Cal., on brief.

Before KASHIWA **, Associate Judge, and FLETCHER and NORRIS, Circuit Judges.

FLETCHER, Circuit Judge:

Appellee, Annie Houseton, filed this suit in 1978 for enforcement of a favorable Civil Service Commission Review Board (CSC) decision on her Title VII claim of race and sex discrimination by her employer, the Veterans Administration (VA). After a 16-month delay in which the CSC, and its successor, the Equal Employment Opportu-

** The Honorable Shiro Kashiwa, Associate Judge, United States Court of Claims, sitting by designation.

nity Commission (EEOC), failed to respond to a VA request for administrative reconsideration of Houseton's claim, the district court ordered enforcement of the CSC's ruling favorable to Houseton. The VA appeals. We note jurisdiction under 28 U.S.C. § 1291 (1976) and affirm.

## FACTS

Plaintiff-Appellee Houseton has worked for the VA as a Loan Specialist since 1965. As early as 1972, she unsuccessfully sought on-the-job training to qualify as a Real Estate Appraiser. In 1975, she filed an employment discrimination complaint with the VA based on its refusal to train her. The agency found no discrimination.

Houseton appealed the VA decision to the CSC. The Review Board found discrimination and ordered the VA to commence a training program for Houseton. In July, 1978, Houseton filed a civil suit for enforcement of the CSC order and an award of attorney fees. In late August of 1978, prior to any proceedings in Houseton's civil suit, the VA sought CSC reconsideration of Houseton's case. The parties notified the court of the reconsideration request and asked for a 90-day stay in the civil suit. There followed a 16-month period of successive stays and promised action by the CSC and its successor, the EEOC, but no ruling issued on the VA reconsideration request.

On October 5, 1979, the district court ordered the VA and the EEOC to show cause why the 16-month delay in ruling on the reconsideration request should not be considered a dismissal of the request. The court held a hearing on this issue and subsequently entered its order finding the long delay in processing the VA's reconsideration request a dismissal of the request. The court therefore ordered enforcement of the CSC decision granting Houseton training. The court also awarded Houseton attorney's fees. The VA appeals.

## ANALYSIS

*A. District court authority to declare EEOC delay a dismissal of the reconsideration request.*

The district court relied on sections 555(b) and 706(1) of the Administrative Procedures Act (APA), 5 U.S.C. §§ 555(b) and 706(1) (1976 and Supp. III 1979), as authority for its ruling that EEOC delay in responding to the VA reconsideration request amounted to a dismissal of the request. Section 555(b) of the APA provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." Section 706(1) grants the district court power to "compel agency action unlawfully withheld or unreasonably delayed . . . ." Read together, the two sections provide that even though agency action may be subject to no explicit time limit, a court may compel an agency to act within a reasonable time. *See EEOC v. Liberty Loan Corp.*, 584 F.2d 853, 855–56 & n. 5 (8th Cir. 1978); *EEOC v. Exchange Security Bank*, 529 F.2d 1214, 1216 (5th Cir. 1976); *Chromcraft Corp. v. EEOC*, 465 F.2d 745 (5th Cir. 1972). *See generally Environmental Defense Fund, Inc. v. Costle*, 657 F.2d 275, 283–84 & nn. 30, 31 (D.C.Cir.1981). A court may also dismiss agency action unreasonably delayed. *See EEOC v. Exchange Security Bank*, 529 F.2d at 1216; *accord EEOC v. Westinghouse Electric Corp.*, 450 F.Supp. 792, 795 (E.D.Mo.1978), *aff'd in part and reversed in part on other grounds*, 592 F.2d 484 (8th Cir. 1979). Nothing in the federal employment provisions of Title VII, 42 U.S.C. § 2000e–16 (1976), or its legislative history, *see* H.R. Rep.No. 238, 92d Cong., 2d Sess., reprinted in 1972 U.S.Code Cong. & Ad.News 2137, 2157–60, 2167, suggests a reason to excuse the EEOC, from compliance with the requirements of the APA where a federal employee is involved. Accordingly, we hold

that the APA provided the district court with authority to declare EEOC delay a dismissal of the VA reconsideration request.

### B. Propriety of the district court's order under the action-forcing provisions of the APA.

 Not every agency delay in responding to a matter presented to it warrants court action under sections 555(b) and 706(1) of the APA. A court may find agency inaction the equivalent of a dismissal or denial of the requested agency action only when the delay is unreasonable and results in serious prejudice to one of the parties. *EEOC v. Exchange Security Bank*, 529 F.2d at 1216; *Chromcraft Corp. v. EEOC*, 465 F.2d at 747; *EEOC v. Moore Group, Inc.*, 416 F.Supp. 1002, 1004 (N.D.Ga.1976). In the instant case, the district court found both unreasonable delay and serious prejudice:

> More than 16 months have passed since Ms. Houseton prevailed before the Appeals Review Board. Under the circumstances of this case, this delay of more than 16 months is unreasonable.
>
> . . . . .
>
> The failure of the Government to act . . . causes plaintiff irreparable injury since she is not receiving the training to which she is entitled.

We cannot say that either of these findings is clearly erroneous. Accordingly, on the facts of this case, we hold that the district court acted properly when it found EEOC delay in processing the VA's reconsideration request equivalent to a dismissal of that request.

 Once the EEOC was deemed to have denied the VA reconsideration request, the CSC decision of June 20, 1978, favorable to Houseton became the final agency action in this case and the proper subject of an enforcement order. *See* 42 U.S.C. § 2000e–5(g) (1976) (in Title VII case district court

may order appropriate relief); 29 C.F.R. § 1613.235(b) (1980) (once reconsideration request denied, final agency decision shall be implemented).

The decision of the district court ordering the VA to provide Houseton with appraiser training and awarding her attorney's fees, is, therefore, AFFIRMED.