**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HUNTER TIMMONS, JR.,

      Plaintiff - Appellant,

v.

THOMAS E. WHITE, Secretary of the Army,

      Defendant - Appellee.

No. 02-7016

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 00-CV-491-P)**

---

Steven M. Angel, Angel & Associates, Oklahoma City, Oklahoma, for Plaintiff - Appellant.

Francis P. King, Special Assistant U.S. Attorney (and Cheryl R. Triplett, Assistant U.S. Attorney, with him on the brief, and Sheldon J. Sperling, U.S. Attorney and Michael J. Meisel, Office of the Judge Advocate General, Army Litigation Division, on the brief), Muskogee, Oklahoma, for Defendant - Appellee.

---

Before **KELLY**, Circuit Judge, **BRORBY**, Senior Circuit Judge and **MURPHY**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

      Plaintiff-Appellant Hunter S. Timmons, a former employee at the

McAlester Army Ammunition Plant in McAlester, Oklahoma ("McAAP"), appeals from the judgment of the district court denying his motion for partial summary judgment and granting summary judgment in favor of the Secretary of the Army ("Defendant"). Mr. Timmons argues that the district court erred because, as a federal employee who has secured a finding of employment discrimination by the Equal Employment Opportunity Commission ("EEOC"), he is entitled to seek de novo review of the remedy awarded without re-litigating the merits of his discrimination claim. For the reasons which follow, we reject Mr. Timmons' arguments and affirm the district court.

Background

In September of 1993, management at McAAP informed Mr. Timmons that his position at the plant, along with those of two fellow employees, would not be renewed and that his temporary appointment would therefore not be extended. Several months after his termination, Mr. Timmons learned that McAAP officials had in fact extended the appointment of one of the employees whose appointment was to expire at the same time as his. In response to this new information, Mr. Timmons filed a formal complaint with the Department of the Army alleging discrimination on the basis of age and disability.

Following a hearing and investigation, the Department of the Army issued a

report finding no discrimination. Mr. Timmons thereafter appealed to the EEOC, which after a series of administrative hearings and orders issued a decision finding that Mr. Timmons was discriminated against based on disability when his temporary appointment was not extended. Consequently, the EEOC ordered Defendant to, *inter alia*, correct its records to reflect that his appointment had been extended for one year– the same amount of time as the similarly situated employee whose appointment was extended– and to give Mr. Timmons back-pay and other benefits for that time period. The EEOC denied both parties' requests for reconsideration, stating that the prior order constituted its final decision.

Mr. Timmons subsequently filed a petition for enforcement with the EEOC claiming improper calculation of back-pay and that he was entitled to a promotion to a term position at McAAP. The EEOC granted the petition as to Mr. Timmons' back-pay claims, ordered Defendant to correct the errors and tender an additional payment, but denied his claim that he was entitled to a term position.

After Defendant complied with the EEOC's second order, Mr. Timmons filed yet another petition for enforcement, again claiming that Defendant incorrectly calculated the amount of back-pay to which he was entitled. The EEOC denied this second petition and specifically held that Defendant had fully complied with its final order. Mr. Timmons thereafter filed the instant civil action. His complaint alleged that the EEOC's decision violated the

Rehabilitation Act by failing to afford him complete relief and sought a determination that he is entitled to "reinstatement and continuation of back pay beyond the period ordered by the EEOC . . . ." Aplt. App. at 2-3.

Following discovery, Mr. Timmons filed a motion for partial summary judgment asserting that he was entitled to summary judgment on the issue of liability because the EEOC's finding of discrimination was binding on Defendant and that he could seek de novo review of the remedy awarded by the EEOC "without placing in issue the question of liability." Aplt. App. at 360. In Defendant's motion for summary judgment, Defendant argued that Mr. Timmons' action constituted an enforcement action and that, because the EEOC held that Defendant had fully complied with its final order, summary judgment was warranted because there was "nothing left to enforce." Aplt. App. at 434.

Characterizing Mr. Timmons' suit as an action seeking additional relief rather than an action for enforcement, the district court held that although a federal employer is indeed bound by a prior EEOC finding of discrimination in an action for enforcement, such an action is unavailable under 29 C.F.R. §1614.503(g) where, as in the instant case, the EEOC has found the federal employer in compliance with its order. Second, the district court held that where a plaintiff seeks additional relief, "he or she remains an aggrieved party who must subject themself [sic] to de novo review under 42 U.S.C. 2000e-16(c) and Title 29

- 4 -

C.F.R. 1614.408." Aplt. App. at 21. Additionally, the court held that de novo review under § 2000e-16(c) "requires a trial of *all* the issues in the particular case." Id. at 17-18 (emphasis added). Accordingly, the court denied Mr. Timmons' motion and granted summary judgment in favor of Defendant. This appeal followed.

## Discussion

Mr. Timmons argues that the district court erred because the relevant statutes, federal regulations, and case law from other circuits demonstrates that a federal employee who obtains a finding of discrimination by the EEOC may seek de novo review of the remedy awarded without re-litigating the underlying claim of discrimination. Defendant argues that Mr. Timmons' action should be characterized as an action for enforcement of a final EEOC order and that, because the EEOC specifically held that it had complied with the order, Mr. Timmons' action cannot be maintained. In the alternative, Defendant contends that even if Mr. Timmons' action is not an enforcement action, "the law does not support Plaintiff getting a limited review of remedy only." Aple. Br. at 11.

We review a grant of summary judgment de novo and apply the same legal standard used by the district court under Fed. R. Civ. P. 56(c). Sigmon v. CommunityCare HMO, Inc., 234 F.3d 1121, 1124 (10th Cir. 2000). Under Rule

56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If there is no genuine issue of material fact, then the reviewing court must determine if the district court correctly applied the law. See Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995).

1.    Proper Characterization of Mr. Timmons' Action

As a threshold matter, we must determine whether Mr. Timmons' suit constituted an action for enforcement or a civil action under 42 U.S.C. § 2000e-16(c). When the EEOC finds that a federal agency is not complying with a final order, or where the agency has refused or failed to submit a report of compliance, a federal employee has three options. The employee may elect to: (1) bring a "civil action for enforcement;" (2) "seek judicial review of the agency's refusal to implement the ordered relief;" or (3) "commence de novo proceedings pursuant to the appropriate statutes." 29 C.F.R § 1614.503(g). Second, it is clear that even in the absence of an EEOC finding of non-compliance, a federal employee who is unhappy with a final decision of the EEOC may bring a civil action in federal

district court as provided in 42 U.S.C. § 2000e-5.[1]  42 U.S.C. § 2000e-16(c).

Although Defendant maintains that Mr. Timmons' lawsuit was an enforcement action, we disagree.  Obviously, if Mr. Timmons' action constituted an enforcement action, the lack of an EEOC determination of non-compliance, which is a prerequisite to such a suit, would have rendered the grant of summary judgment in favor of Defendant appropriate on that ground.  While it may be true, as the district court noted, that Mr. Timmons "pled [his] case as an enforcement action," we agree with the district court that "[i]n the instant case, Plaintiff is not seeking the enforcement of a final EEOC order."  Aplt. App. at 15 n.4.  Significantly, Mr. Timmons' complaint specifically requested more relief than the EEOC awarded, namely additional back pay and reinstatement at McAAP.  Moreover, the very fact that the EEOC determined that Defendant had complied with its final order negates any contention that the underlying suit was an enforcement action.  See Cocciardi v. Russo, 721 F. Supp. 735, 737 (E.D. Pa. 1989).  We therefore hold that Mr. Timmons' action constituted a civil action brought under § 2000e-16(c).

2.    Availability of Limited Review Under 42 U.S.C. § 2000e-16(c)

Having determined that Mr. Timmons' action constituted a § 2000e-16(c)

---

[1]    Section 2000e-5 governs the maintenance of civil actions by employees against private-sector employers.

civil action, we must next decide whether a plaintiff who files such an action is entitled to seek de novo review of the remedy awarded by the EEOC without re-litigating the merits of the discrimination claim. In essence, Mr. Timmons asks us to hold that where a plaintiff brings such an action, the agency defendant involved is bound by a prior EEOC finding of discrimination.

The question of whether a plaintiff may obtain a limited review under § 2000e-16(c) is a question of first impression in this circuit. Moreover, our review of cases from other circuits has revealed that the courts that have addressed the question have come to differing conclusions regarding a federal employee's right to bring a de novo civil action limited to remedy only. However, we believe that the better-reasoned cases hold that a plaintiff seeking relief under § 2000e-16(c) is not entitled to litigate those portions of an EEOC decision believed to be wrong, while at the same time binding the government on the issues resolved in his or her favor.

In 1972, Congress enacted 42 U.S.C. § 2000e-16, which extended the protections of Title VII to federal employees. That section, which specifically prohibits federal agencies from engaging in employment discrimination, further provides that a federal employee, "if aggrieved by a final [EEOC] disposition . . . may file a civil action as provided in section 2000e-5 of this title." 42 U.S.C. § 2000e-16(c). In Chandler v. Roudebush, 425 U.S. 840 (1976), the Supreme Court

clarified the meaning of the term "civil action" as used in § 2000e-16(c). There, the Court made it clear that the "civil action" to which the section referred was a "de novo 'civil action' equivalent to that enjoyed by private-sector employees." Id. at 863. In so holding, the court described a federal employee's right to a de novo civil action as "the right to plenary trials in the federal district courts." Id. at 854.

Although the Court in Chandler clearly held that the "civil action" guaranteed in § 2000e-16(c) was a "trial de novo," id. at 846, the Court did not specifically address the additional question of whether a plaintiff may limit the court's review to only those aspects of the EEOC decision that the plaintiff wishes to challenge. Nevertheless, the plain meaning of the term "trial de novo" demonstrates that a plaintiff who brings an action under § 2000e-16(c) is not entitled to limit the court's review to the issue of remedy only. The term "trial de novo" has a long-standing and well-established meaning. Black's Law Dictionary defines such a trial as "[a] new trial on the *entire* case– that is, on both questions of fact and issues of law– as if there had been no trial in the first instance." Black's Law Dictionary, (7th Ed. West 1999) (emphasis added). Moreover, the pronouncements of federal courts discussing the term in the context of judicial review of administrative decisions confirms this meaning. For example, in his dissenting opinion in United States v. Radatz, 447 U.S. 667 (1980), Justice

Stewart described de novo proceedings as involving review that is "unfettered by any prejudice from the [prior] agency proceeding and free from any claim that the [agency's] determination is supported by substantial evidence." Id. at 690 (Stewart, J., dissenting) (quoting Renegotiation Bd v. Bannercraft Clothing Co., 415 U.S. 1, 23 (1974) (alterations in original). See also United States v. First City National Bank of Houston, 386 U.S. 361, 368 (1967) (holding that "review de novo" means review requiring "an independent determination of the issues."). In Doe v. United States, 821 F.2d 694 (D.C. Cir. 1987), the District of Columbia Circuit, sitting en banc, addressed the question of whether the term "de novo," as used in a provision of the Privacy Act permitting a plaintiff to bring a de novo civil action challenging certain federal agency decisions, "means something less than what that expression generally signals." 821 F.2d at 697. Stating that the term has "no different, diminished meaning in the context at hand," the court held that "[d]e novo means here, as it ordinarily does, a fresh, independent determination of 'the matter' at stake; the court's inquiry is not limited to or constricted by the administrative record, nor is any deference due the agency's conclusion." Id. at 697-98.

Moreover, we note that several district courts that have addressed the meaning of the term "trial de novo" in the exact context presented here have concluded that the plain meaning of the term mandates a conclusion that a

- 10 -

plaintiff bringing suit under § 2000e-16(c) may not limit the court's review to the issue of remedy only.  See Cocciardi, 721 F.Supp. at 737; Simpkins v. Runyon, 5 F.Supp. 2d 1347, 1348-49, 1350 (N.D. Ga. 1998); Ritchie v. Henderson, 161 F. Supp. 2d 437, 449 (E.D. Pa. 2001).  In accordance with the plain meaning of the term "trial de novo," we hold that a plaintiff who has brought a civil action under § 2000e-16(c) is not entitled to limit the district court's review to the issue of remedy only.

A corollary to this conclusion is that when a civil action under that section is brought, a federal employer is not bound by a prior adverse finding by the EEOC.  Although the government is bound by a prior finding of discrimination where a plaintiff  brings an action to *enforce* an EEOC decision, see Moore v. Devine, 780 F.2d 1559, 1564 (11th Cir. 1986), or where the plaintiff does not appeal the EEOC's ruling, it does not follow that a defendant is similarly bound where a plaintiff elects to proceed under § 2000e-16(c).

The Sixth Circuit's opinion in Haskins v. Dept. of the Army, 808 F.2d 1192 (6th Cir. 1987), supports this conclusion.  In Haskins, the plaintiff obtained a finding of discrimination by the EEOC.  The EEOC also found that the plaintiff was not entitled to an award of back pay or retroactive promotion on the ground that she would not have been selected for the position she sought even in the absence of discrimination.  The plaintiff thereafter brought suit in district court

seeking the denied relief. On appeal, the plaintiff argued that the district court was bound by the EEOC's determination of discrimination, and that the finding necessarily included a finding of causation. Id. at 1196-97. In addressing this claim, the court carefully distinguished between an enforcement action and a de novo civil action, holding that:

> If a federal employee has received a favorable determination at the administrative level, he or she is able to go into federal court to *enforce* that order without risking de novo review of the merits. Thus, the employing agency cannot challenge issues decided against it if the plaintiff does not seek de novo review. However, a plaintiff is entitled to a de novo hearing if requested. In such a case, *the district court is not bound by the administrative findings*.

Haskins, 808 F.2d at 1199 n. 4 (emphasis added) (citations omitted).

Additional comments by the Supreme Court in Chandler further support our conclusion. Addressing the government's concern that "routine trials de novo in the federal courts will tend ultimately to defeat, rather than to advance, the basic purpose of the statutory scheme," the Court noted that Congress "made the choice [to permit de novo review in federal court], and it is not for us to disturb it." 425 U.S. at 863-64. Furthermore, the Court held that prior administrative findings would not be rendered irrelevant if federal employees were permitted to seek de novo review in district court because "[p]rior administrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal-sector trial de novo." Id. at 863 n. 39 (internal citations

- 12 -

omitted).  Had the Supreme Court believed that prior EEOC findings were binding on federal agencies in "civil actions" brought under § 2000e-16(c), it would not have stated that such findings could be admitted as evidence in such an action.

A close analysis of the relevant statutory provisions reveals yet another ground supporting our conclusion that Mr. Timmons is not entitled to bring a de novo civil action under § 2000e-16(c) limited to the issue of remedy only. Section 2000e-16(c) permits an aggrieved federal employee to initiate a civil action "as provided in section 2000e-5." As noted above, § 2000e-5 is the provision which permits private-sector employees to bring civil actions in federal district court upon the occurrence of certain specified events, such as a refusal by the EEOC to represent a plaintiff based on a determination that there is "not reasonable cause to believe that the charge is true . . . ."  42 U.S.C. § 2000e-5(b). Significantly, § 2000e-16(d) specifically states that "the provisions of section 2000e-5(f) through (k) of this title, as applicable, shall govern civil actions brought [under § 2000e-16(c)] . . . ."  One such section is § 2000e-5(g).  This section provides that:

> *If the court finds* that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement . . . with or without back pay . . . or any other equitable relief as the court deems appropriate.

42 U.S.C. § 2000e-5(g)(1) (emphasis added). Section 2000e-5(g)(1) clearly conditions an award of relief in an employment discrimination action on a finding by the court that the defendant engaged in the unlawful employment practice at issue. Consequently, it follows that a district court, which under the applicable statutes, must "find" discrimination prior to awarding relief, cannot award new relief, or expand the relief already awarded, without first determining for itself whether the alleged discrimination has occurred. As the Supreme Court held in Chandler, Congress clearly intended to "afford federal employees the same right to a trial de novo as is enjoyed by private-sector employees." 425 U.S. at 848. Because a private-sector employee must first secure a finding by the district court that discrimination has occurred before obtaining appropriate relief, and because § 2000e-16(d) makes civil actions brought by aggrieved federal employees under § 2000e-16(c) subject to that same requirement, we believe that a federal employee proceeding under § 2000e-16(c) must do the same.

Notwithstanding the foregoing, Mr. Timmons maintains that the weight of authority from other circuits demonstrates that he is entitled to the relief he seeks. We recognize that several cases from other jurisdictions have concluded that a federal employee may litigate the remedy issue without submitting the question of discrimination to de novo review. Upon reviewing these cases, however, we are satisfied that they either do not support his position or are not persuasive.

- 14 -

Mr. Timmons relies extensively on the Fourth Circuit's opinion in Pecker v. Heckler, 801 F.2d 709 (4th Cir. 1986) as the "lead case" supporting his position. Aplt. Br. at 26. In Pecker, the plaintiff, who succeeded in obtaining a finding of discrimination by the EEOC, brought a civil action asking the court to expand the relief awarded by the EEOC. The issue arose whether the plaintiff was entitled to a court order affirming the EEOC's finding of discrimination. In a footnote, the court answered the question in the affirmative, noting first that the issue was not placed squarely before the district court in the first place and stating that "[w]e think that the defendants are bound by the EEOC's findings of discrimination and retaliation." Pecker, 801 F.2d at 711 n.3.

Additionally, an analysis of Pecker reveals that it did not distinguish between an action for enforcement of a final EEOC decision and a de novo civil action brought under § 2000e-16(c). This conclusion derives from fact that the court in Pecker relied on Moore v. Devine, 780 F.2d 1559 (11th Cir. 1986) as support for its conclusion that the defendant agency was bound by the EEOC's finding on liability.[2] However, the language in Moore on which Pecker relied for

---

[2]    In addition to Moore, the court in Pecker cited one other case, Houseton v. Nimmo, 670 F.2d 1375 (9th Cir. 1982) in support of its conclusion. Houseton, however, involved an action to enforce a final EEOC decision. Id. at 1376 (characterizing plaintiff's action as a suit "for enforcement of a favorable Civil Service Commission Review Board (CSC) decision . . . ."). Consequently, Houseton does not support the position adopted in Pecker.

- 15 -

support stated only that when federal employees request *enforcement* of EEOC decisions, applicable federal regulations and case law "require that the district courts *enforce* final EEOC decisions favorable to federal employees . . . ." Moore, 780 F.2d at 1560 (emphasis added) (quoted by Pecker, 801 F.2d at 711 n.3).

As noted above, it is undisputed that a federal agency is bound by a finding of discrimination in a civil action to enforce an EEOC decision. Nothing in Moore, however, supports the proposition that a federal agency is similarly bound when the employee elects to "seek relief from the district court in the same manner as a state or private-sector employee . . . ." Moore, 780 F.2d at 1563. On the contrary, Moore stands for the unobjectionable proposition that a federal employee "may request *enforcement* by the district court without requesting and trying the merits of the claim." Id. at 1564 (emphasis added). Because Moore does not support the position adopted in Pecker, and because our review of the relevant statutory provisions convinces us that a federal employee may not limit a court's review to the issue of remedy without also submitting the merits to de novo review, we decline to follow Pecker.[3]

---

[3]     As we have noted, the issue of liability was not raised by the defendant in Pecker. See id., 801 F.2d at 710. Consequently, at least one district court has distinguished the case on this ground, holding that "[n]either the district court nor the Court of Appeals had before it the issue of liability because the defendant had not raised it, *not because the plaintiff had the right to insist as a*

Moreover, the other cases cited by Mr. Timmons either rely on <u>Pecker</u> and its progeny, involve enforcement actions, or are otherwise distinguishable. Other than <u>Pecker</u>, Mr. Timmons cites only two federal appellate cases in support of his position: <u>Haskins</u>, 808 F.2d 1192 (6th Cir. 1987), and <u>Morris v. Rice</u>, 985 F.2d 143 (4th Cir. 1993). Mr. Timmons argues that the Sixth Circuit's opinion in <u>Haskins</u> "appears to have followed <u>Pecker v. Heckler</u>," because it "approved the district court's de novo determination of remedy." Aplt. Br. at 27, 28. Mr. Timmons correctly notes that pursuant to the plaintiff's request, the district court in that case did not conduct a de novo review of the fact of discrimination. Instead, the district court limited its review to the question of whether the EEOC erred in denying relief on the ground that the plaintiff failed to establish that she would have been promoted in the absence of the discrimination. However, unlike the present action, the defendant in <u>Haskins</u>, like the defendant in <u>Pecker</u>, did not contest the EEOC's finding of discrimination, and indeed admitted before the district court that it had discriminated against her. <u>Haskins</u>, 808 F.2d at 1195, 1200. Accordingly, the fact that neither the district court nor the court of appeals

_matter of law that the case be confined to the issue of adequacy of the remedy only . . . ."_ <u>Simpkins</u>, 5 F. Supp. 2d at 1350 (emphasis added). In the current action, however, the Army moved for summary judgment on the ground that Mr. Timmons was not entitled to litigate the remedy without also re-litigating the question of liability, thereby evidencing its desire to litigate that question before the district court if Mr. Timmons elected to seek a trial de novo.

endeavored to conduct a de novo review of the discrimination question does not support an inference that the court there thought itself bound by the EEOC's resolution of that issue.  This conclusion is supported by the court's comment that in de novo civil actions brought under § 2000e-16(c), "the district court is not bound by the administrative findings."  Id. at 1199 n.4.  Haskins, therefore, does not aid Mr. Timmons.

The Fourth Circuit's opinion in Morris is similarly unpersuasive.  In Morris, the Fourth Circuit held that a plaintiff seeking de novo review under § 2000e-16(c) may "limit and tailor his request for de novo review, raising questions about the remedy without exposing himself to a de novo review of a finding of discrimination."  Morris, 985 F.2d at 145-146.  In so holding, however, the court did not engage in an independent analysis of the term "de novo" or the language of the relevant statutes, but instead relied on Pecker, which as a prior Fourth Circuit opinion, it was bound to follow.[4]  For similar reasons, we are not persuaded by the district court cases cited by Mr. Timmons in support of his position.[5]

---

[4]    The court in Morris also relied on Haskins, 808 F.2d at 1199, noting that the court in that case held that "a federal employee may seek enforcement of an EEOC decision without risking a de novo review."  985 F.2d at 146.  Again, such a statement does not support the proposition that such a limited review is appropriate in a de novo civil action brought under § 2000e-16(c).

[5]    Several of the district court cases cited by Mr. Timmons simply rely on Pecker and its progeny or other cases which do not support the contention that

Mr. Timmons' motion for partial summary judgment sought a determination that he was entitled to summary judgment on the issue of liability based on the EEOC's prior finding of discrimination and that he could seek de novo review of the remedy awarded without re-litigating the merits of his claims. Aplt. App. at 352, 360. Mr. Timmons' motion did not request that he be permitted to litigate the issue of liability if the district court decided to reject his argument that he is entitled to limit the court's review to the issue of remedy. Likewise, Mr. Timmons makes no such request in his brief to this court. Consequently, and for the reasons set forth in this opinion, we AFFIRM the judgment of the district court.

---

Mr. Timmons is entitled to the relief he seeks. Cases in this category include: Hashimoto v. Dalton; 870 F. Supp. 1544, 1557 (D. Haw. 1994) (relying on Pecker, Morris, and Haskins); Huey v. Bowen, 705 F. Supp. 1414, 1418-1419 (W.D. Mo. 1989) (relying on Pecker); and Evans v. Secretary of Energy, 1990 WL 51921, at *2 (D.D.C. 1990) (relying substantially on Pecker, Haskins, and Moore). The one case supporting Mr. Timmons' position that does *not* rely on Pecker or other enforcement action cases is Williams v. Herman, 129 F. Supp. 2d 1281 (E.D. Cal. 2001). We disagree, however, with that court's holding that the relevant statutes do not foreclose a limited review of remedy under § 2000e-16(c), and that because a federal court is obligated to afford deference to administrative determinations under Chevron U.S.A. Inc. v. Natural Res. Def. Council, 467 U.S. 837 (1984), a federal employee may litigate the issue of remedy without having to re-litigate the merits. Williams, 129 F. Supp. 2d. at 1284.