**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STEVEN TAYLOR,

    Plaintiff-Appellant,

v.

CRAMER, INC.,

    Defendant-Appellee.

No. 02-3302
(D.C. No. 01-CV-2228-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT**  *

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Steven Taylor appeals from an order of the district court granting defendant's motion for summary judgment in this Title VII action. We affirm.

Mr. Taylor, an African-American, was employed by defendant for almost two years. He was terminated after an altercation between him and another African-American employee after an investigation.[1] Mr. Taylor appealed the decision through the union's collective bargaining agreement arbitration procedure, which determined that Mr. Taylor's termination was for just and proper cause. Mr. Taylor then filed this action in district court. In his complaint, Mr. Taylor, proceeding pro se, alleged his termination was based on his race. He further contended he was falsely accused by a white female employee of sexual harassment. He claimed Cramer gave credence to her allegation while refusing to give credence to his denial and, further, he was not permitted to defend against the charge.

The district court granted summary judgment to Cramer, holding that Cramer had produced a legitimate, nondiscriminatory reason for terminating Mr. Taylor, which he had not shown was pretextual. The court also noted that Mr. Taylor had stipulated in the pre-trial order that his race was not a factor in determining whether to terminate him, a stipulation that was fatal to his claim.

---

[1]     The co-worker was also terminated for his part in the altercation.

On appeal, Mr. Taylor argues his termination was based on an unfounded accusation of sexual harassment made by a white employee. He contends Cramer did not investigate that charge, but rather accepted the accusation as true. He admits he was dismissed for another infraction, but maintains that the sexual harassment charge was erroneously considered in the arbitration hearing.

"We review a grant of summary judgment de novo and apply the same legal standard used by the district court under Fed. R. Civ. P. 56(c)." Timmons v. White, 314 F.3d 1229, 1232 (10th Cir. 2003). Rule 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In the pre-trial order, Mr. Taylor stipulated that his race was not a factor Cramer considered in terminating him because of the altercation between him and the other employee. He agreed that Cramer considered his short tenure of less than two years with the company and his misconduct in the altercation. But, he maintained that "the information that Cramer gained during its investigation of the [altercation] that Taylor allegedly has sexually harassed" a white female co-employee should not have been considered. Rec. doc. 35 at 2-3.

The record supports the district court's holding that Mr. Taylor did not present evidence sufficient to show that Cramer's reasons for discharging him were pretextual. _See, e.g._, <u>Kendrick v. Penske Transp. Servs., Inc.</u>, 220 F.3d 1220, 1229 (10th Cir. 2000) (setting forth burden-shifting scheme). The record does not support Mr. Taylor's statement that he was not permitted to rebut the testimony showing sexual harassment. <u>See, e.g.</u>, Rec. doc. 25, ex. A at 95-96 (testifying that he never performed any of the three acts allegedly showing sexual harassment); <u>id.</u> ex. D at 3 ("Grievant denied the sexual harassment allegations.").

The arbitrator determined that Mr. Taylor's testimony was not credible regarding the sexual harassment misconduct allegations. Mr. Taylor was terminated after the work-place confrontation with the other employee. Cramer asserted that the termination was justified because Mr. Taylor had violated two of the rules of conduct for employees. Further, both employees were terminated for their part in the altercation. The harassment issues which arose during the investigation did not provide the primary reason for Mr. Taylor's termination, but rather provided additional support. Mr. Taylor presented no evidence that Cramer refused to investigate the sexual harassment charges because the female employee was white and Mr. Taylor is black.

The judgment of the United States District Court for the District of Kansas is AFFIRMED for substantially the reasons stated in its order of July 3, 2002. The mandate shall issue forthwith.

Entered for the Court


Stephanie K. Seymour
Circuit Judge