**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 4 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CLYDE NEAL,

      Plaintiff-Appellant,

v.

JACK COOPER TRANSPORT
COMPANY, INC.; TEAM AUTO
PROCESSING INC.,

      Defendants-Appellees.

No. 03-6031
(D.C. No. 01-CV-1541-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** , **HARTZ** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Clyde Neal, proceeding pro se, appeals from the district court's order granting defendants' motion for summary judgment on the bases that Mr. Neal's complaint was not timely and he could not prevail as a matter of law on his discrimination claims under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, or on his breach of contract and emotional distress claims. We affirm.

Mr. Neal's problems began with a non-work-related car accident in October 1997. His injuries were so severe that he was unable to work until December 1998, when he was released to return to work without restrictions. During the time he was medically unable to work, defendants terminated Mr. Neal twice and reinstated him both times. Mr. Neal did not return after being released to work, however, and defendants terminated him a final time in April 2000, after learning he had applied elsewhere for employment.

In 1999, Mr. Neal filed his first charge of discrimination with the EEOC claiming that in June 1998, he had been discriminated against in violation of the ADA. The EEOC determined the charge was not timely and issued a right to sue letter. Mr. Neal did not file suit. Instead, in June 2000, he filed a second EEOC charge alleging that in April 2000 he had been discriminated against due to his race and disability in violation of Title VII and the ADA. The EEOC denied that charge and, once again, Mr. Neal did not file suit after receiving his right to sue

letter. He filed a third EEOC charge in February 2001 re-alleging the April 2000 ADA violations. After receiving his right to sue letter on that charge in May 2001, Mr. Neal commenced this action in October 2001.

In his complaint, Mr. Neal alleged defendants discriminated against him in violation of the ADA. He also alleged defendants breached their contract with him and that he suffered emotional distress in violation of state common law.

The district court granted defendants' motion for summary judgment, holding that Mr. Neal's suit was not timely. The court noted that Mr. Neal had admitted in his deposition that all three of his charges of discrimination were based on his June 1998 termination. Addressing the merits of Mr. Neal's claims, the court held that Mr. Neal had failed to show that his impairment substantially limited any major life activity and, thus, he had failed to state a prima facie case of ADA discrimination. The court also held that the Labor Management Relations Act (LMRA) preempted his breach of contract claim, and that his emotional distress claims were not timely.

On appeal, Mr. Neal argues defendants violated the ADA by wrongfully terminating him for violating the three-day absenteeism rule and by not offering him any light duty jobs. He notes that he has been found partially disabled by the Social Security Administration. Mr. Neal also asserts that his counsel was

ineffective because counsel tried to get him to settle and then withdrew before the court entered final judgment.

"We review a grant of summary judgment de novo and apply the same legal standard used by the district court under Fed. R. Civ. P. 56(c)." Timmons v. White, 314 F.3d 1229, 1232 (10th Cir. 2003). Rule 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

A plaintiff must initiate litigation on an ADA claim within ninety days from the date he receives a "right to sue" letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1) (providing filing deadlines for Title VII claims); 42 U.S.C. § 12117(a) (specifically adopting Title VII filing deadlines for ADA claims). "These timing requirements are prerequisites to a civil suit." Croy v. Cobe Labs., Inc., 345 F.3d 1199, 1202 (10th Cir. 2003). The record clearly shows that Mr. Neal did not comply with these requirements. Therefore, the district court correctly granted summary judgment to defendants on Mr. Neal's ADA claims.

Mr. Neal testified in his deposition that the contract he was alleging defendants violated was the contract between defendants and the union, of which he was a member. The LMRA expressly governs claims "for violation of

-4-

contracts between an employer and a labor organization representing employees." 29 U.S.C. § 185(a). "To the extent that [a] claim is based on an alleged breach of the [collective bargaining agreement], the claim is clearly preempted." Garley v. Sandia Corp., 236 F.3d 1200, 1210 (10th Cir. 2001).

Mr. Neal alleged defendants violated state common law relating to the negligent and intentional infliction of emotional distress. Under Oklahoma law, such claims must be filed within two years of the date of the act causing the damages. See Meade v. Grubbs, 841 F.2d 1512, 1524 (10th Cir. 1988). These claims are also untimely.

Finally, Mr. Neal asserts his counsel was ineffective. Mr. Neal has "no Sixth Amendment right to counsel in a civil case" and he, therefore, cannot bring an ineffective assistance of counsel claim. Beaudry v. Corr. Corp. of Am., 331 F.3d 1164, 1169 (10th Cir. 2003).

The judgment of the district court is AFFIRMED for substantially the reasons stated in its order of December 10, 2000. The mandate shall issue forthwith.

<div style="margin-left:50%;">

Entered for the Court


Michael R. Murphy
Circuit Judge

</div>