**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 23 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KIMBERLY S. RENNER-WALLACE;
MICHELE C. MCCABE,

 Plaintiffs-Appellants,

v.

CESSNA AIRCRAFT COMPANY,

 Defendant-Appellee.

No. 03-3125
(D.C. No. 01-CV-1135-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **McKAY** , and **TYMKOVICH** , Circuit Judges.

---

 In this action brought pursuant to Title VII and the Kansas Act Against

Discrimination, Kan. Stat. Ann. § 44-1001,[1] plaintiffs Kimberly S. Renner-

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Renner-Wallace and McCabe withdrew their claim under the Kansas Act Against Discrimination in their reply to defendant's motion for summary judgment.

Wallace and Michele C. McCabe appeal the district court's grant of defendant Cessna's motion for summary judgment. Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM**.

Renner-Wallace's employment by Cessna required that she work around keotone. Because of keotone's highly flammable nature, Cessna discouraged employees working with it from wearing certain types of nylon sweat pants at work; nonetheless, Renner-Wallace chose to wear nylon pants on several occasions. This led her crew chief to tell her not to wear nylon pants due to safety concerns. Renner-Wallace contends that he also told her either that he liked her better with her pants off or that he liked her better in shorts. [2] She reported those alleged comments to McCabe, her union steward, and a meeting was held with the two women, the crew chief, and the department foreman. At the meeting, the department foreman warned Renner-Wallace not to wear nylon pants in the workplace and admonished the crew chief to not make inappropriate comments, a charge the crew chief denied.

Subsequently Cessna conducted an internal investigation into Renner-Wallace's version of events. The company investigation failed to reveal evidence

_____

[2] Renner-Wallace alleged that she had experienced other incidents of sexual harassment by her crew chief. However, she admitted she never reported these incidents to either her union steward or any supervisor. Cessna first learned of the other alleged incidents when it received her EEOC complaint.

supporting her sexual harassment claim. Instead, the very employees Renner-Wallace identified as witnesses to the incident failed to support her account of the conversation with the crew chief. Ultimately, Cessna's investigator concluded that insufficient evidence was presented to support Renner-Wallace's sexual harassment claim.

Thereafter, Cessna received information indicating that Renner-Wallace and McCabe may have fabricated the sexual harassment allegation. Cessna initiated an internal investigation, which revealed several employees who offered evidence supporting a conclusion that Renner-Wallace and McCabe had fabricated the sexual harassment charge. After the completion of this investigation, Cessna officials met to discuss the situation. At that meeting, company officials received reports regarding both the sexual harassment and fabrication investigations, and Renner-Wallace and McCabe were allowed to respond to the charge of fabrication. Following the meeting, Cessna officials decided to terminate the two women for breach of trust in falsifying reports of sexual harassment.

Renner-Wallace and McCabe then sued Cessna in state court for sexual harassment, discrimination, and constructive discharge. In their complaint, they alleged both that Cessna had retaliated against them due to their sexual harassment claim, and that they had been constructively discharged. Cessna removed the case to federal court and moved for summary judgment on the

grounds that: (1) plaintiffs had failed to establish a prima facie case of sexual harassment ; and (2) even if they had established a prima facie case, Cessna had presented a nonpretexual reason for its actions.

Finding that Renner-Wallace and McCabe had failed to establish a prima facie case of a sexually hostile work environment, the district court granted Cessna's summary judgment motion. Although the court assumed for the purposes of the summary judgment motion that plaintiffs had established a prima facie case of retaliation, it concluded that Cessna had articulated a nondiscriminatory reason for the women's termination; because Renner-Wallace and McCabe failed to demonstrate that the company's proferred reason was pretextual, their retaliation claim also failed.

"We review a grant of summary judgment de novo and apply the same legal standard used by the district court under Fed. R. Civ. P. 56(c)." Timmons v. White, 314 F.3d 1229, 1232 (10th Cir. 2003). Rule 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In considering Title VII discrimination claims, including retaliation claims such as this, we employ the burden-shifting analytical framework first introduced

in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802–04 (1973). Discharged employees must first establish a prima facie case of retaliation. <u>Doebele v. Sprint/United Mgmt Co.</u>, 342 F.3d 1117, 1135 (10th Cir. 2003) (applying the <u>McDonnell Douglas</u> framework). Once a prima facie case has been established, the defendant must proffer a legitimate, nondiscriminatory reason for terminating the plaintiff. <u>Id.</u> If the defendant proffers a legitimate, nondiscriminatory reason for its action, then the burden shifts back to the plaintiff to demonstrate that the defendant's reason was pretextual. <u>Id.</u>

We, like the district court below, will assume for the purposes of this appeal that Renner-Wallace and McCabe established a prima facie case of retaliation for having reported alleged sexual harassment. In response to the plaintiffs' retaliation case, Cessna stated that it did not terminate Renner-Wallace and McCabe in retaliation for lodging their complaint of sexual harassment, but rather because its investigation revealed that they had fabricated their complaint. Accordingly, the burden shifted back to Renner-Wallace and McCabe: "when a defendant articulates a reason for terminating the plaintiff's employment, establishing a prima facie case is not sufficient to avoid summary judgment. Instead, the plaintiff must offer evidence that the defendant's reason is a pretext for discrimination." <u>Selenke v. Med. Imaging of Colo.</u>, 248 F.3d 1249, 1260 (10th Cir. 2001).

On appeal, Renner-Wallace and McCabe argue that they rebutted Cessna's proffered reason for its actions. First, they contend that they established that the crew chief sexually harassed Renner-Wallace and that the company conducted a sham investigation into their sexual harassment charge. They also insist that only a weak inference supported Cessna's conclusion that Renner-Wallace and McCabe had fabricated the sexual-harassment allegation. As a result, they contend, the district court erred in granting summary judgment to Cessna.

Contrary to plaintiffs' position, the record demonstrates that Cessna's first investigation revealed no evidence supporting Renner-Wallace's sexual harassment allegation, despite interviews with several witnesses Renner-Wallace claimed would support her version of events. However, the company's investigation into the possibility that Renner-Wallace and McCabe had fabricated the accusation against the crew chief revealed four witnesses whose testimony corroborated that allegation.

> When assessing a contention of pretext, we examine the facts as they appear to the person making the decision to terminate [the] plaintiff. We may not second guess the business judgment of the employer. Instead, the relevant question is whether the reason articulated by the employer was the real reason for the challenged action.

Selenke, 248 F.3d at 1261 (quotation and citations omitted).

We hold that Cessna presented a supported business reason for terminating plaintiffs and that Renner-Wallace and McCabe failed to show that the reason was pretextual.

The judgment of the district court is **AFFIRMED** .

Entered for the Court


Carlos F. Lucero
Circuit Judge