**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TERRY VIGIL,

          Plaintiff - Appellant,

v.

POLLY WALTERS, RN; KARLIN
WERNER, RN; JERE SUTTON,
Physician; LOUIS CABLING,
Physician,

          Defendants - Appellees.

No. 11-1359
(D.C. No. 1:09-CV-02886-PAB-MEH)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

During the relevant time, Plaintiff-appellant Terry Vigil was a Colorado state inmate housed at the Crowley County Correctional Facility. Proceeding *pro se*, he brought a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment to the United States Constitution. In the complaint, Vigil asserted he was diagnosed with a ventral umbilical hernia in February 2007. After he was told by a physician's assistant that he was not eligible for surgery to repair the hernia because of his weight, he lost seventy pounds. Vigil alleged he continuously complained to medical providers from August 2007 through January 2009 that his hernia was causing him severe pain and discomfort. He was told they would not perform surgery unless the hernia twisted or caused other complications.

On the evening of February 2, 2009, Vigil complained of extreme pain and was taken to the medical department. Defendant Karlin contacted Defendant Cabiling who prescribed a pain medication until Vigil could be seen by a physician in the morning. Vigil was seen by Defendant Walters at 10:00 a.m. on the morning of February 3. He was also examined by Defendant Sutton who recommended a surgical consult and ordered the administration of more pain medication. Vigil had surgery later that day and was discharged on February 18, 2009. An Operative Procedure Report prepared by Gary E. Lane, M.D. indicated (1) Vigil underwent surgery to repair an "incarcerated hernia," (2) the surgery

was successful, and (3) Vigil suffered no complications. Defendant Sutton examined Vigil on February 21st and noted the incision was healing well with no sign of infection.

After discovery was complete, Defendants moved for summary judgment on several grounds and the matter was addressed by a United States Magistrate Judge. The magistrate recommended granting Defendants' motion based on Defendants' argument Vigil's allegations, even if proved, were insufficient to establish that Defendants were deliberately indifferent to his serious medical needs. The district court reviewed the magistrate's recommendation de novo and concluded summary judgment was appropriate and entered judgment in favor of Defendants. Vigil then brought this appeal.

This court reviews the grant of summary judgment de novo, using the same Rule 56 standard applied by the district court. *Timmons v. White*, 314 F.3d 1229, 1232 (10th Cir. 2003); Fed. R. Civ. P. 56(a), (c). As the nonmoving party, Vigil must show there are genuine issues of material fact to be determined by a jury. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Because he is proceeding *pro se*, we will liberally construe his pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Notwithstanding this liberal construction, Vigil cannot prevail at trial on an Eighth Amendment claim unless he proves Defendants were deliberately indifferent to his serious medical needs.

The deliberate indifference standard "involves both an objective and a subjective component." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quotation omitted). Under the objective standard, Vigil must show the harm he suffered from any denial of medical care is sufficiently serious to implicate the Cruel and Unusual Punishment Clause. *Martinez. v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). "[A] delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm." *Mata*, 427 F.3d at 751 (quotation omitted). To prove the subjective component, Vigil must show Defendants knew of an excessive risk of serious harm to his health and safety but consciously disregarded that risk. *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) ("The subjective component is akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm." (quotations omitted)).

Vigil alleges his surgery should have been scheduled sooner; he was in pain for sixteen hours between February 2, 2009 and February 3, 2009; he was not seen by Defendant Sutton until 10:00 a.m. on February 3, an alleged delay of three hours; and as a result of the alleged sixteen-hour delay he lost "three inches or more" of his small intestine. The record, however, shows Vigil received medical treatment for his condition and he was prescribed pain medication until he could be examined by Defendant Sutton on the morning of February 3. To the extent Vigil's complaint can be read as merely challenging the type and quality of

the medical treatment he received, such claims do not assert violations of federal constitutional rights. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). To the extent the complaint raises claims of constitutional magnitude, however, we agree with the district court that Vigil presented no evidence from which deliberate indifference to his medical needs could be inferred. The record contains no evidence he suffered any complications or serious harm from Defendants' actions, including the alleged delay in being examined by Defendant Sutton or the alleged delay in scheduling his surgery. Neither has he presented any evidence from which a reasonable jury could conclude Defendants acted with the culpable state of mind required by the Eighth Amendment.

Upon *de novo* review of Vigil's complaint and appellate brief, the magistrate judge's recommendation, the district court's orders, and the entire record on appeal, this court **affirms** the district court's grant of summary judgment to Defendants for substantially those reasons stated by the district court. Vigil's application to proceed *in forma pauperis* is **granted**, but he is reminded he remains obligated to continue making partial payments until his appellate

filing fee is paid in full.  See 28 U.S.C. § 1915(b).

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge