FILED
United States Court of Appeals
Tenth Circuit

March 18, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BOBBY JOE SMITH II,

    Plaintiff - Appellant,

v.

LAWTON CORRECTIONAL FACILITY,
Grievance Reviewing Authority; GEO
CORP; WARDEN FNU CALDWELL;
FNU HULDERMAN, Mail Room Staff;
JOE ALLBAUGH, Director; GOVERNOR
MARY FALLIN; MARK KNUTSON,
Director's Designee; OKLAHOMA
DEPARTMENT OF CORRECTIONS,
Administrative Review Authority,

    Defendants - Appellees.

No. 18-6180
(D.C. No. 5:18-CV-00110-C)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se, Oklahoma state prisoner Bobby Joe Smith II brought suit

under 42 U.S.C. § 1983 against various institutional defendants—including the

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument wouldn't materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment isn't binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1;
10th Cir. R. 32.1.

Oklahoma Department of Corrections (ODOC) and the Grievance Reviewing Authority of Lawton Correctional Facility (LCF)—as well as several individual defendants—including LCF employees Dean Caldwell and Rosalie Hulderman. As interpreted by a magistrate judge, Smith's complaint alleged that (1) "LCF officials violated his due[-]process rights when they confiscated [a] photograph without an evidentiary hearing or other opportunity to be heard"; (2) "LCF and [ODOC] officials" violated his due-process rights when they "improperly reviewed and/or denied his claim during the administrative exhaustion process"; and (3) LCF staff "tampered with his incoming and outgoing mail." R. 30, 32.

After reviewing Smith's complaint, the magistrate judge recommended dismissing some of Smith's claims in their entirety and others as alleged against certain defendants. *See* 28 U.S.C. §§ 1915A(a), (b), 1915(e)(2)(B). The district court adopted the magistrate judge's recommendation in its entirety, leaving only Smith's claims against Caldwell and Hulderman (the defendants).[1]

The defendants then moved to dismiss or, in the alternative, for summary judgment. In evaluating their motion, the magistrate judge first noted that after alleging in his initial complaint that (1) the defendants "violated his procedural due[-]process rights when they confiscated [a] photograph without an evidentiary hearing or other opportunity to be heard" and (2) LCF's mailroom staff tampered

---

[1] Smith doesn't challenge the magistrate judge's interpretation of his claims. Nor does he challenge the district court's initial order dismissing all but Smith's claims against the defendants. We therefore adopt the former and offer no further discussion of the latter.

with his mail, Smith had since "clarified" that he was also challenging CDOC's "policy [of] preventing [inmates from possessing] sexually explicit materials, alleging that it violates his First Amendment rights." R. 160. The magistrate judge then recommended granting the defendants' motion for summary judgment on Smith's due-process and First Amendment claims, concluding that Smith "received all the due process required" and that ODOC's explicit-materials policy "is reasonably related to a legitimate penological interest and does not violate [Smith's] First Amendment rights." *Id.* at 163, 165. The magistrate judge also recommended granting the defendants' motion to dismiss Smith's mail-tampering claim, noting that Smith failed to explain how the defendants personally participated in the alleged mail tampering.

The district court again adopted the magistrate judge's recommendation in its entirety and issued an order granting judgment in favor of the defendants. Smith now appeals that order.

As an initial matter, Smith doesn't dispute in his opening brief that he failed to allege the defendants personally participated in tampering with his mail. Nor does he invoke the First Amendment in his opening brief or explain there how the district court erred in concluding that ODOC's explicit-materials policy "is reasonably related to a legitimate penological interest."[2] *Id.* at 165. We therefore affirm without

---

[2] To the extent Smith attempts to challenge these rulings for the first time in his reply brief, we treat his arguments as waived and decline to consider them. *See United States v. Beckstead*, 500 F.3d 1154, 1163 (10th Cir. 2007).

further discussion the district court's order dismissing Smith's mail-tampering claim as well as its order granting summary judgment to the defendants on his First Amendment Claim. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366, 1369 (10th Cir. 2015) (noting that "[t]he first task of an appellant is to explain to us why the district court's decision was wrong"; summarily affirming district court's order dismissing appellant's due-process claim because appellant's "opening brief contain[ed] nary a word to challenge the basis of the dismissal").

That leaves only the district court's order granting summary judgment to the defendants on Smith's due-process claim. We review de novo that aspect of the district court's order "and apply the same legal standard used by the district court under" Rule 56(a) of the Federal Rules of Civil Procedure. *Timmons v. White*, 314 F.3d 1229, 1232 (10th Cir. 2003). Under Rule 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In challenging the district court's order granting summary judgment to the defendants, Smith advances two arguments. First, he reiterates his assertion that the defendants violated his due-process rights when, in confiscating his photograph, they refused to hold an evidentiary hearing and also refused to consider certain evidence that—according to Smith—would have established he was entitled to the photograph's return. But as the district court noted, Smith received notice that Hulderman confiscated the photograph. He then had "the opportunity to be heard through a written grievance" in which he challenged Hulderman's decision. R. 163.

4

And Caldwell (who wasn't involved in Hulderman's initial act of confiscating the photograph) subsequently reviewed Hulderman's decision. Thus, we agree with the district court: Smith received "all the due process required." *Id.*; *see also Jacklovich v. Simmons*, 392 F.3d 420, 433 (10th Cir. 2004) (listing requisite procedural safeguards).

Next, Smith complains that the defendants introduced in district court "highly prejudicial" and irrelevant information in an "attempt to distract the court" from the legal issues before it. Aplt. Br. 1. Yet even assuming the defendants introduced such information below, Smith fails to identify any basis upon which we might conclude that this information influenced either the magistrate judge or the district court. *Cf. Harris v. Rivera*, 454 U.S. 339, 346 (1981) ("[J]udges routinely hear inadmissible evidence that they are presumed to ignore when making decisions."). Accordingly, we reject this argument and affirm the district court's order granting judgment in favor of the defendants. As a final matter, we deny Smith's motion to proceed in forma pauperis (IFP) on appeal. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (explaining that to succeed on motion to proceed IFP, "an appellant must show . . . the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal").

Entered for the Court

Nancy L. Moritz
Circuit Judge